## Fleming's Appeal.

*Wesley B. Best,* for appellant; *S. A. Culbertson* and *D. A. Andrews,* contra.

KENT, P. J., November 3, 1930.—This is an appeal taken by Frank M. Fleming, Treasurer of Crawford County, from the action of the salary board of said county, refusing to allow a deputy for the proper discharge of busi-

ness in the county treasurer's office for the year 1930, and the fixing of salary for such deputy.

The present proceeding is the second chapter in what seems to have become an annual fiesta and controversy between the appellant and officers of Crawford County, relative to the fixing of his salary, the allowance of a deputy for the proper discharge of business in his office and the fixing of salary therefor. After having these controversies before us on some two or three different occasions, and upon careful study and consideration of the surrounding facts and circumstances connected with each phase of the different proceedings, we are convinced that there is little or no excuse for this continued strife and litigation between the several officers. The duties of the several officers relative to the matters and questions involved in all of these proceedings are clearly and definitely established by law, and reference thereto will acquaint said officers with their respective duties.

It seems to us that there is a useless expenditure of time and public funds in the carrying on, over a period of nearly two years, of such unnecessary litigation, but the matter having been brought before us again, we are in duty bound under our oath of office to consider and pass upon the matters and questions submitted.

On April 22, 1930, at the instance of the appellant herein, proceedings were instituted against the Salary Board of Crawford County, praying for the issuing of a writ of alternative mandamus, the petitioner therein averring that the salary board had refused and neglected the performance of official duties, and the matter was so proceeded in to the end that on July 7, 1930, the court decreed that a writ of mandamus issue to the Salary Board of Crawford County, Pennsylvania, requiring that they forthwith meet and perform their official duties, as prescribed by the Act of June 29, 1923, P. L. 944, relative to the fixing and determining of the number of and salaries to be paid to the clerks and deputies required in the proper discharge of business in the said treasurer's office for the year 1930.

On September 8, 1930, the said salary board filed its return to the writ of mandamus above mentioned, setting forth that the command of said writ had been executed "by meeting in special session on July 10, 1930, and by duly enacting a resolution wherein it was provided that no compensation should be allowed for the year 1930 to Alletta G. Fleming, the deputy appointed by Frank M. Fleming, Treasurer of Crawford County, because in the opinion of said board, no deputy is required for the proper discharge of the business of the said county in the said office," which said return was, on September 26, 1930, by leave of court, amended to read as follows:

"That they, the said defendants, have executed the command of the court as set forth in the writ of peremptory mandamus issued on July 7, 1930, by meeting in special session on July 26, 1930, and by duly enacting a resolution wherein it was provided that no deputy be allowed to Frank M. Fleming, Treasurer of Crawford County, it being the opinion of the salary board, upon due consideration of all circumstances and duties involved in the conduct of said office, that no deputy is required for the proper discharge of the county's business in said office."

It is from this action of the Salary Board of Crawford County, Pennsylvania, that the present appeal is taken by Frank M. Fleming, treasurer; appellant averring that he is the duly elected, qualified and acting treasurer; that as the duly elected, qualified and acting treasurer he is interested in the number of deputies and clerks required in his said office; that the proper discharge of business in the said office requires a deputy, and that by virtue of

section three of the Act of June 29, 1923, P. L. 944, appellant appointed Alletta C. Fleming as such deputy to assist in the proper discharge of the business of said office, notice of which said appointment was given to said salary board on April 4, 1930; that appellant notified the salary board of his appointment, asking and requesting them to have a meeting for the purpose of authorizing and allowing said appointment, and the fixing of salary for said deputy for the year 1930; that said salary board, although notified several times to have such meeting for said purpose, refused and neglected to hold such meeting until required so to do in response to a peremptory mandamus issued by the court July 7, 1930; that in order for the proper discharge of the business in said office, a deputy is necessary and required; that a deputy was allowed said office for the year 1929, and that the necessary work in said office is equal to or greater than that of the year 1929; that notice of the taking of said appeal to the court of common pleas, together with a copy of said appeal, was accepted by Edwin E. Dane, secretary of the Salary Board of Crawford County, as further appears by acceptance of service of notice and copy attached to appeal. No answer to the appeal, denial or contradiction of the averments of fact contained therein has been filed. Therefore, we conclude, under the law and rules of court, that all averments of facts contained in this appeal must be treated as verity in our consideration and determination of the questions now before us.

This appeal was so proceeded with that hearing was had on September 26, 1930, at which time appellee, by attorneys, filed a motion to dismiss, strike off and quash the said appeal, setting forth the following reasons:

"1. Because no right of appeal is given to the Treasurer of Crawford County from the action of the salary board in said county, in refusing to award and allow a deputy for said office, or in determining that no deputy is necessary for the proper discharge of the business in the office of the county treasurer under the provisions of the Act of Assembly of June 29, 1923, P. L. 944.

"2. Because the court of common pleas is without jurisdiction to hear and determine the matters complained of in said appeal, as the action and decision of said salary board is final and conclusive in fixing and determining the number of deputies and clerks required for the proper discharge of the business in the office of the county treasurer, and no right of appeal to the court of common pleas is given the county treasurer by the Act of June 29, 1923, from the action of the salary board in determining that no deputy is required for the proper discharge of the business of the said county in the said office."

Thereupon on the same date, to wit, September 26, 1930, appellant, by attorney, made answer to the motion to dismiss, strike off and quash the appeal, setting forth:

"1. The appellant denies that no right of appeal is given under the laws of the Commonwealth of Pennsylvania to the Treasurer of Crawford County to appeal from the action of the salary board in refusing to award and allow a deputy for said office, and in determining that no deputy is necessary for the proper discharge of the business in the office of the county treasurer, and that there is no provision in the Act of Assembly of June 29, 1923, not admitting such appeal.

"2. It is denied that the court of common pleas is without jurisdiction to hear and determine the matter complained of in said appeal, as set forth in paragraph two of the motion to quash, and it is further denied that the action and decision of said salary board is final and conclusive in fixing the number of deputies and clerks required for the proper discharge of the busi-

ness in the office of the county treasurer. And, further, that, under the law, the appellant has the full right to appeal to the court of common pleas in determining the question as to whether or not a deputy is required for the proper discharge of the business in the office of the Treasurer of Crawford County."

Under the pleadings above set forth and filed in this proceeding, as we view the matter, there are two questions now before us for determination:

First. Has the county treasurer, under the provisions of the Act of June 29, 1923, P. L. 944, the right of appeal to the court of common pleas from the action of the salary board in refusing to allow a deputy for the proper discharge of business in his office and thereby failing to fix the salary for such deputy?

Second. Has the court of common pleas jurisdiction, under the provisions of the Act of June 29, 1923, P. L. 944, to hear and determine the number of and salaries to be paid deputies required for the proper discharge of business in the county treasurer's office, or is the action and decision of the salary board in relation thereto final and conclusive?

A considerable amount of testimony has been taken bearing particularly upon the question as to whether or not a deputy is required for the proper discharge of business in the office of the county treasurer, not only in this case but also in the petition for writ of mandamus, all of which said testimony, by agreement of counsel, is to be considered in the disposition of the questions now before us, and we now approach those duties unaided by any citations of law or briefs filed by counsel for the respective parties in interest; the appellant herein contending that a deputy is necessarily required for the proper discharge of business in the said treasurer's office; appellee contending that such deputy is not required, as is definitely shown by the action of said salary board herein complained of.

A review of the pleadings and testimony now before us clearly establishes the fact that Crawford County is a county of the sixth class, that the provisions of the Act of June 29, 1923, P. L. 944, are applicable thereto, that the salary board in said county for the years 1929 and 1930 comprised the county commissioners, H. B. Cutshall, H. R. Conover and Edwin E. Dane (H. B. Cutshall having died on July 29, 1930, Hugh Cutshall was appointed as county commissioner for the unexpired term) and County Treasurer Frank M. Fleming.

The Act of June 29, 1923, P. L. 944, provides:

(Section 1) "That in counties of the sixth class, the compensation of the county treasurer shall be fixed under the provisions of existing law, but the treasurer shall not, in any case, receive more than four thousand dollars ($4000) in any one year. . . .

(Section 3) "Each of said officers shall appoint and may dismiss the deputies and clerks of his office.

(Section 5) "The salary board in all counties of the sixth class, which shall be composed of the county commissioners and the county treasurer, shall fix and determine annually the number and the salaries to be paid to the clerks and deputies required for the proper discharge of business in the office of the county officers whose salaries are fixed by this act. Any such county officer, deputy, or clerk, dissatisfied with amount of salary allowed by the salary board, may appeal from the action of such board to the court of common pleas of the county, which court shall, after hearing, make an order fixing the salaries of such appointees."

Do the provisions of section five of this act limit appeals to be taken by county officers, deputies and clerks solely to the question of amount of salary

allowed by the salary board, or is the term "appeal" as mentioned therein to be considered in a broader and more comprehensive sense?

This act does not attempt to fix the salary of the county treasurer. It specifically says that his compensation shall be fixed under the provisions of existing law. The act, however, does place a limitation upon the amount to be received in any one year. The county treasurer's salary, as we understand the law, is fixed by the county commissioners upon a percentage basis, with the approbation of the county auditors, with the right of appeal therefrom vested in the treasurer to the court of common pleas—this under section forty-one of the Act of April 15, 1834, P. L. 537. Therefore, the provisions of the Act of 1923 relative to an appeal could not in any way apply to the county treasurer, excepting that the provision for appeal may be considered applicable to all actions of the salary board in determining annually the number of, as well as the salaries to be paid to, the clerks and deputies required for the proper discharge of business in the office.

Does the wording of the act warrant such a conclusion? In Grenell's Appeal, 4 D. & C. 616, it is held:

"Under section 5 of the act, no county officers can appeal in behalf of a clerk dissatisfied with the amount allowed by the salary board; such clerk being obliged to appeal for himself."

This is the only case we have been able to find which passes in any way upon the appeal provision of the act, and when this decision is considered in connection with the instant case, the treasurer's salary not being fixed by this act, but simply limited, and he being not permitted to appeal in behalf of a clerk's or deputy's salary, the said act becomes inoperative, and if the action of an arbitrary and oppressive salary board must be considered as final and conclusive in fixing the number of deputies for the proper conduct of the business of his office, the officer (county treasurer) would be stripped of any relief and placed at the mercy of the board. We hardly believe that such was the intent of the legislature in the passage of the act, and when we consider recent decisions interpreting the word "appeal" used in various acts of assembly, we are more convinced that the intent was to afford relief in the broader sense.

The words "any such county officer, . . . dissatisfied with amount of salary allowed by the salary board, may appeal from the action of such board to the court of common pleas of the county, which court shall, after hearing, make an order fixing the salaries of such appointees," in so far as the treasurer is concerned, could in no wise apply, as his is not fixed by this act. Wherefore, we incline to the opinion that the broader sense of the word "appeal" should be applied, and that the words mean that the whole matter of the action of the salary board is before the court *de novo;* that the whole matter is to be examined and tried as if it had not been tried before.

Mr. Justice Moschzisker, in the case of Franklin Film Manufacturing Corporation, 253 Pa. 422, in interpreting the meaning of the word "appeal" in connection with the Act of May 15, 1915, P. L. 534, which creates a board to consist of three citizens well qualified by education and experience to perform the duties of motion picture censors, says:

"At the present time, in our law, the word 'appeal' has no conclusive meaning, for, since the Act of May 9, 1889, P. L. 158, a writ of error and a certiorari, as well as an appeal proper, are all designated 'appeals,' . . . ; therefore, it is necessary in each instance to look at the particular act of assembly giving the right of appeal to determine just what powers are to be exercised by the appellate court. In this connection, a careful reading of the statute

here in question convinces us it was never contemplated that the Courts of Common Pleas were to be constantly called upon to permit moving picture reels to be reproduced before them, and sit as supercensors thereof, in order to review the decisions of the administrative body created by the act. The evident intent was to grant a right of appeal to the Common Pleas so that tribunal could correct any arbitrary or oppressive orders which the board of censors might make, and nothing more; in other words, that the court might reverse the censors when the latter were guilty of an abuse of discretion. This is the ordinary rule to which, on appeal, even this court restricts itself in reviewing an exercise of discretion, particularly of administrative officials. . . . When, after hearing, the court is convinced in any case that the censors have abused their discretion, the construction just placed upon the Act of 1915, *supra*, leaves ample power in the Common Pleas to see that the public is not denied proper entertainment, and to protect property rights, a power which they should not hesitate to use when occasion requires.

· "It is now established beyond controversy that the legislature may create an administrative body with discretion and authority to determine facts. . . ."

And, again, Mr. Justice Moschzisker in McCauley v. Imperial Woolen Co., 261 Pa. 312, 320, relative to an appeal from the decision of the Workmen's Compensation Board, says:

"The next matter for our consideration concerns the rights and duties of the common pleas upon the appeal to that tribunal from the decision of the compensation board. Section 409 of the Act of 1915, supra, provides that 'the board's finding of fact shall in all cases be final . . . , [but] from any decision of the board on a question of law an appeal may be taken to the courts as hereinafter provided.' Section 425 (P. L. 754) provides that, if any party in interest desires to appeal from the decision of the board 'on matters of law,' he must file notice in the appropriate Court of Common Pleas, and, in such case, it shall be the duty of the Bureau of Workmen's Compensation to prepare and deliver to the prothonotary of the proper county 'a transcript of the . . . finding of fact and award or disallowance of compensation, or modification thereof, involved in the appeal.'

"As recently stated in Franklin Film Manufacturing Corporation, 253 Pa. 422, 426, 'at the present time, in our law, the word "appeal" has no conclusive meaning . . . ; therefore it is necessary in each instance to look at the particular act of assembly giving the right of appeal, to determine just what powers are to be exercised by the appellate court.' "

In Schmuck v. Hartman, 222 Pa. 190, Mr. Justice Brown, in delivering the opinion of the court, says:

"No right of appeal from the action of the court below is given by any statute, and counsel for appellants frankly admit that one does not lie. But for nearly two hundred years the 'general jurisdiction of this court has been declared by statute to extend to the examination and correction of "all and all manner of errors of justices, magistrates, and courts of the Commonwealth in the process, proceedings, judgments, and decrees, as well in criminal as in civil proceedings, . . . and to minister justice to all persons as full and ample to all intents and purposes as the said court has heretofore had power to do under the constitution and the laws of the Commonwealth." . . . The judicial authority of this court extends to the review and correction of all proceedings of all inferior courts, except where such review is expressly excluded by statute, in accordance with the constitution; and we may issue all sorts of process, and use and adopt all sorts of legal forms that are necessary to give effect to this supervisory authority.' "

Applying the reasoning of these cases in the instant case, we are of the opinion that the legislative intent, when providing for an appeal from the action of a salary board, was not to limit that appeal to a question of salary to be paid a deputy or clerk, but the evident intent was to grant a right of appeal to the court of common pleas from the action of the board determining the number of deputies and clerks necessary for the proper conduct of business in the said office mentioned, so that tribunal could correct any arbitrary or oppressive orders which the salary board might make.

Being of the opinion that the county treasurer has, under the law, the right to appeal from the action of the board, we now come to a consideration of the second question involved, which may be briefly stated as follows: Was the action of the salary board final and conclusive? In our judgment, it was not. In a former opinion we expressed our belief that it was first the duty of the salary board to determine annually the number of, and the salaries to be paid to, the clerks and deputies required for a proper discharge of business in the office of the county treasurer, under the Act of 1923.

Was the action of the board disallowing a deputy for the year 1930 an abuse of discretion under the law? A determination of this question involves the question of necessity for a deputy in the said office of county treasurer in Crawford County.

Webster defines "necessity" as "something indispensable to some purpose." But in a legal sense, "necessary" is a term susceptible of various meanings and without a fixed meaning. It may have a broad or a strict meaning. It is a flexible, relative, variable and comparative term, admitting of all degrees of comparison, somewhat elastic, restrained or enlarged by the surrounding circumstances, depending upon the context, the intention, the subject and the object sought. It may mean something which in the accomplishment of a given object cannot be dispensed with, that which is indispensable, or an absolute physical necessity, but the term may not mean absolutely necessary or indispensable. It may not imply an absolute necessity. It may not be confined in its meaning to physical necessity. Nor does it always import an absolute physical necessity so strong that one thing to which another may be termed necessary cannot exist without that other. It may express mere convenience. It may mean something reasonably useful and proper, that which is only convenient or useful or essential, reasonably essential, reasonably convenient, and of greater or lesser benefit or convenience. While it may mean something less than indispensable, at least it includes that which is desirable, advisable and needful.

"Necessary" being a relative term with various meanings, it has been variously employed as meaning appropriate, conducive to, convenient, essential, expedient, incidental, indispensable to, the accomplishment of a purpose, such as may be, such as must be, such as would be, such that it cannot be disregarded or omitted, that it cannot be otherwise, unavoidable, useful, without which another thing must fail, yield or cease to be.

Are the services of a deputy indispensable, required for a proper discharge of business in the office? The appellant contends that they are, the appellee contends they are not. From the evidence before us, it seems very clear that for the year 1929, at least, this question was adjudicated by the proper authorities, the evidence before us disclosing that the county commissioners, with the approval of the county auditors, in their unlawful attempt to fix the salary of the county treasurer, recognized the necessity for a deputy, as is shown in their proposition by their allowance of compensation of $1800 per year for such officer; and, further, the salary board, on July 12, 1929,

66

met to consider granting pay of a treasurer's deputy, at which time, upon motion of Mr. Cutshall, seconded by Mr. Dane, "that the treasurer's deputy be paid $1200 for the year 1929. Motion carried, all voting in the affirmative;" and it further appeared that such deputy was recognized by the board, rendered services during the year 1929, and received the fixed compensation therefor.

From this it would seem that the question of necessity for a deputy in said office, and the salary therefor, in so far as the year 1929 is concerned, is *res adjudicata*, and it being clearly established that there was no change in the business, work, duties and responsibilities of said office, excepting, possibly, an increase for the year 1930, how can it be successfully contended in this proceeding that no deputy is necessary or that the action of the salary board herein complained of was not an abuse of the administrative discretion given the said board under the Act of 1923?

After a very careful and extended review of the pleadings and upon careful consideration of the evidence before us, we are clearly of the opinion that there was an abuse of discretion on the part of the salary board in determining that no deputy was necessary for 1930; that said action savors of an arbitrary and oppressive conclusion, with which we cannot concur. If a deputy was necessary in 1929 for the proper discharge of business in the office of County Treasurer of Crawford County, as determined by the salary board, in the absence of anything tending to show that there was a lessening of the work, labor and responsibility for the year 1930, or a favorable change of circumstances, we cannot but conclude that such deputy would be necessary for the year 1930, and that if the compensation and salary as fixed by the board for 1929 was reasonable and adequate, we believe that the same would be fair and adequate for the year 1930. In accord with our conclusions above set forth, we entered the following

### Order.

Now, November 3, 1930, appellee's motion to dismiss, strike off and quash the appeal is hereby discharged, at the cost of the appellee. The appeal taken in this proceeding is hereby sustained, and it is further ordered and decreed that under existing circumstances a deputy is required in the County Treasurer's Office of Crawford County, Pennsylvania, for the proper discharge of business therein, and the appointment of Alletta G. Fleming as such deputy is hereby approved, and it is still further ordered that she shall receive in full compensation for her services as such deputy on behalf of the county for the year 1930 the sum of $1200.

From J. Perry Eckels, Meadville, Pa.